UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERENCE BODDIE,

    Plaintiff,                    MEMORANDUM & ORDER

    -against-                    08-cv-911 (KAM) (LB)

NEW YORK STATE DIVISION OF
PAROLE,

    Defendants.
----------------------------------X

**NOTICE: FOR ELECTRONIC PUBLICATION ONLY**

MATSUMOTO, United States District Judge:

    Pending before the court is defendant New York State Division of Parole's (hereinafter "NYSDOP") motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6) and for such other relief the court may deem just and proper, including costs pursuant to 28 U.S.C. §§ 1918(f)(2) and 1920. For the reasons set forth herein, the court grants the State's motion to dismiss plaintiff's complaint against the one remaining defendant, and denies defendant's request for costs.

## PROCEDURAL HISTORY

    Plaintiff, proceeding *pro se*, currently incarcerated at Mohawk Correctional Facility as a result of the parole revocation determination at issue, filed his complaint on

February 27, 2008, pursuant to 42 U.S.C. § 1983 alleging seven causes of action based on alleged constitutional violations by defendants in the implementation and subsequent revocation of his parole. (Dkt. 1, Compl.) On April 7, 2008, pursuant to 28 U.S.C. § 1915A[1] and 28 U.S.C. § 1915(e)(2)(B)[2], the court dismissed the complaint, without prejudice, for failure to state a claim on which relief may be granted. (Dkt. 6, April 7, 2008 Mem. & Order). The court held that plaintiff's claims challenging the actions of defendant parole officers which led

---

[1]      28 U.S.C. § 1915A provides in relevant part:

>   (a)  Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b)  Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>      (2) seeks monetary relief from a defendant who is immune from such relief.

[2]      28 U.S.C. § 1915(e)(2)(B) provides that a district court shall dismiss an *in forma pauperis action* "if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

to the revocation of his parole were barred by the favorable determination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[3] (*Id.*, pp. 3-4). The court also dismissed plaintiff's claim for monetary damages against the NYSDOP and the defendant parole officers in their official as barred by the Eleventh Amendment. (*Id.*, p. 4).

Plaintiff moved for reconsideration by letter dated April 14, 2008 (Dkt. 8) and to amend his complaint by motion dated May 19, 2008 (Dkt. 9). On June 18, 2008, the court denied plaintiff's motion to amend his complaint and denied plaintiff's motion for reconsideration with respect to five out of the seven causes of action asserted in the complaint. (Dkt. 10, June 18, 2008 Mem. & Order, pp. 4-5, 9). The court held that five causes

---

[3] *Heck*'s favorable determination rule requires that a plaintiff seeking to recover damages for an allegedly unconstitutional conviction or imprisonment pursuant to § 1983:

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. With respect to § 1983 actions that challenge the fact or duration of confinement based on the revocation of parole, *Heck*'s favorable determination rule requires that plaintiff prove that the parole revocation hearing has been reversed, expunged or declared invalid in an appropriate state or federal proceeding. (*See* Dkt. 6, April 7, 2008 Mem. & Order, pp. 3-4).

of actions, which related to plaintiff's parole conditions, did not raise a constitutional question as plaintiff did not have a protected liberty interest in being free from special parole conditions. (*Id.*) Moreover, the court did not have the authority to subject parole conditions to judicial review without a showing that the parole board or its agents acted in an arbitrary and capricious manner. (*Id.* at 5 (citing *Robinson v. Pagan*, No. 05 Civ. 1840, 2006 U.S. Dist. LEXIS 89562, at *4 n.2 (S.D.N.Y. Dec. 12, 2006) (quotations omitted)).

The court found, however, that *Heck* did not bar § 1983 actions when resolution of the action would not "necessarily demonstrate the invalidity of plaintiff's parole revocation," *McKithen v. Brown,* 481 F.3d 89, 102 (2d Cir. 2007) or "spell immediate or speedier release for plaintiff" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). (June 18, 2008 Mem. & Order, p. 8). Accordingly, the court granted plaintiff's motion for reconsideration and reinstated plaintiff's sixth and seventh causes of action *only* insofar as these two claims seek *prospective* injunctive and declaratory relief *solely* with respect to the NYSDOP, and not damages or a declaratory judgment affecting a specific parole revocation. (*Id.*, p. 5, 8).

The case was transferred to the undersigned on August 26, 2008. The last remaining defendant, the NYSDOP, now moves

4

to dismiss these last two remaining claims asserted against them.

## DISCUSSION

### I. Standard For Motion To Dismiss

Under Federal Rule of Civil Procedure 8(a), complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (*per curiam*) (quoting Fed. R. Civ. P. 8(a)(2)). Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6). The instant motion is properly decided under Rule 12(b)(1) because the court lacks subject matter jurisdiction over plaintiff's claims against the NYSDOP as such claims are barred by the Eleventh Amendment,. *See Morris v. City of New York*, No. 05 Civ. 7368 (PKC), 2007 U.S. Dist. LEXIS 14765, at *13 (S.D.N.Y. Mar. 1, 2007); *see also Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 4 (2d Cir. 1997).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id*. In resolving a motion to

5

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must generally accept as true the factual allegations stated in the complaint, *Zinermon v. Burch*, 494 U.S. 113, 118 (1990), drawing all reasonable inferences in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993). In addition to examining the complaint, however, a "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated for reconsideration on other grounds*, 505 U.S. 1215 (1992), *reaff'd on remand*, 999 F.2d 33 (2d Cir. 1993). Finally, as plaintiff is *pro se*, the court construes plaintiff's pleadings liberally. *Culton v. N.Y. State Dep't of Corr. Servs.*, 299 Fed. Appx. 96, 97 (2d Cir. 2008).

## II. Plaintiff's Two Remaining Causes Of Action

Accepting plaintiff's allegations as set forth in the complaint as true, *Zinermon*, 494 U.S. at 118, and drawing all reasonable inferences in his favor, *Haines*, 404 U.S. at 520-21, plaintiff's final parole revocation hearing was held on December 14, 2008 before an Administrative Law Judge ("ALJ"), which reserved decision at the conclusion of the hearing. (Compl. ¶ 75). The ALJ's decision was subject to a secondary review by

the Board of Parole, who had the power to modify the ALJ's decision with respect to plaintiff's parole revocation determination. (*Id.* at ¶ 74). From the date of the hearing, December 14, 2007 through the date when the complaint was filed, February 27, 2008, plaintiff was never provided with a copy of the ALJ's decision nor with a copy of the Board of Parole's decision based on its secondary review of the ALJ's determination. (*Id.* at ¶ 76). Plaintiff only learned of the Parole Board's decision that he must serve twenty-four months before his re-release to parole supervision from a time computation sheet he received when he was transferred from Rikers Island to Downstate Correctional Facility some time later (the date is unspecified in the complaint.) (*Id.*)

In his sixth cause of action, plaintiff alleges that his due process rights were violated as he was never given "any notice or any opportunity to be heard with respect to the [Parole Board's] review of the [ALJ's] decision." (*Id.* at ¶¶ 77-78). As limited by the court's June 18, 2008 order, plaintiff's sixth cause of action seeks prospective injunctive and declaratory relief against the NYSDOP, for an order either eliminating the Parole Board's right to a secondary review of the ALJ's decision or providing parolees the "right to notice

and an opportunity to be heard before any secondary decision is made" by the Parole Board. (*Id.* at ¶ 78).

Plaintiff's seventh cause of action, again within the parameters prescribed by the court's June 18, 2008 order, seeks prospective injunctive relief against the NYSDOP, for an order requiring the NYSDOP to provide plaintiff and "all other parolees" with decisions resulting from parole revocation hearings in a timely manner. (*Id.* at ¶ 90).

### III. Plaintiff's Claims Are Barred By The Eleventh Amendment.

The NYSDOP contends that plaintiff's § 1983 claims seeking injunctive relief against the NYSDOP are barred by the Eleventh Amendment. (NYSDOP Mem., pp. 5-7). The court agrees.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. In interpreting the Eleventh Amendment, the Supreme Court has consistently held that "nonconsenting states may not be sued by private individuals in federal court." *Bd. of Trustees v. Garret*, 531 U.S. 356, 363 (2001); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("while the Amendment by its own terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting

8

State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). This bar extends to suits "whether the relief sought is legal or *equitable*," as is the case here. *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990) (emphasis added). And the immunity extends "not only to a state, but also to entities considered 'arms of the state,'" *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001).

A state's right to sovereign immunity under the Eleventh Amendment, however, is not absolute:

> [A] state may be divested of immunity and haled into federal court in one of two ways: (1) Congress may abrogate the sovereign immunity through statutory enactment [pursuant to its authority under § 5 of the Fourteenth Amendment], or (2) a state may waive its immunity and agree to be sued in federal court.

*Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 448 (2d Cir. 1999); *Close v. State of New York*, 125 F.3d 31, 37-38 (2d Cir. 1997) ("the only source of congressional abrogation stems from the Fourteenth Amendment.")

The NYSDOP is a New York State entity established by New York Executive Law § 259(1), and thus, is entitled to Eleventh Amendment immunity. *McCloud v. Jackson*, 4 Fed. Appx. 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against the New York State Division of Parole because the Eleventh Amendment

9

bars suits against states or state agencies); *Heba v. N.Y. State Div. of Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007) (same); *Coleman v. City of New York,* No. 03 Civ. 4921 (DLI) (LB), 2009 U.S. Dist. LEXIS 20658, at *12 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency.") Moreover, "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Manners v. New York*, No. 97 Civ. 9424, 1999 U.S. App. LEXIS 2645, at *3 (2d Cir. Feb. 18, 1999) (same); *Quern v. Jordan*, 440 U.S. 332, 342-345 (1979) ("neither logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act[, now partially codified at § 1983,] compels . . . the conclusion that Congress intended [the 1871 Act] . . . to overturn the constitutionally guaranteed immunity of the several States.") Nor has the NYSDOP waived its immunity to suit in federal court.

"The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one," and "waiver of a State's Eleventh Amendment immunity will not be found unless such consent is unequivocally expressed." *Close*, 125 F.3d at 39 (citing *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 99 (1984)) (quotations omitted). The NYSDOP has never expressly waived its Eleventh Amendment sovereign immunity. Nevertheless, plaintiff contends that the court's June 18, 2008 order, in which the court reconsidered its April 7, 2008 dismissal of the action and permitted plaintiff's sixth and seventh causes of action to proceed against the NYSDOP, constituted a waiver of the NYSDOP's Eleventh Amendment immunity -- *i.e.* the court waived the NYSDOP's immunity by its decisions. (Dkt. 21, Plaintiff's Opp., p. 7). Such a result cannot lie. Waiver, whether express or constructive, requires some act on the part of the state. *Close*, 125 F.3d at 39 (no constructive waiver unless "a state voluntarily engaged in [a] particular activity" for which "Congress evinced a clear and unequivocal intent to hold the States liable in federal court.")

Indeed, even where the state fails to raise the sovereign immunity defense in its answer, first raising the defense in its motion for summary judgment, the Second Circuit has held that such an omission does not constitute waiver of sovereign immunity under the Eleventh Amendment. *Richardson*, 180 F.3d at 449 ("the Eleventh Amendment 'declares a policy and sets forth an explicit limitation on federal judicial power of such compelling force' that the issue could be raised for the

*first time* in the Supreme Court") (emphasis added) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 467-68 (1944)).

Here, at the time the court issued its April 7 & June 18, 2008 orders, the NYSDOP had not yet answered or otherwise responded to the complaint. Indeed, as the June 18, 2008 order was a reconsideration of the court's *sua sponte* dismissal of the action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the NYSDOP had not yet had an opportunity to take any action in the instant case or submit a legal memorandum setting forth its position. Thus, the court finds that the NYSDOP neither expressly nor constructively waived its immunity. Upon the submissions of the parties, the court finds that plaintiff's remaining two claims against the NYSDOP must be dismissed as barred by the Eleventh Amendment.

**IV. Plaintiff May Amend His Complaint To Include A Claim Against The Parole Commissioner In Her Official Capacity.**

In his opposition, dated September 8, 2008 (Dkt. 21), plaintiff first informed the court that he had discovered the names of the ALJ, who allegedly issued the decision with respect to plaintiff's parole revocation, *i.e.* Judge Noreen L. Campbell, and the Parole Commissioner, *i.e.* Sally A. Thompson. Plaintiff did not make a formal request to amend his complaint to add Judge Campbell and Ms. Thompson as defendants to the instant action until his "reply" in opposition, dated October 14, 2008

12

(Dkt. 27). Nevertheless, the court is willing to give more leeway to plaintiff as he is a *pro se* litigant and he may not understand complex court procedures as well as counsel. Thus, the court will treat plaintiff's reply opposition to include a motion to amend the complaint to add Judge Campbell and Ms. Thompson as defendants to the instant action. (As set forth above, the "instant action" is limited to the sixth and seventh causes of action by the court's June 18, 2008 order.)

"'A *pro se* plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint.'" *Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)); *see John v. N.Y. Dep't of Corr.,* 130 Fed. Appx. 506, 507 (2d Cir. 2005) ("A district court should not dismiss *pro se* complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)). However, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. United States Dep't of Veteran Affairs*, 137 Fed. Appx. 418, 420

13

(2d Cir. 2005) (citing *Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69-70 (2d Cir. 1998)).

Limited by this court's decision on June 18, 2008, plaintiff may amend his complaint to seek only prospective injunctive and/or declaratory relief against Judge Campbell and/or Ms. Thompson in their individual or official capacities for the two remaining causes of action (*i.e.*, the sixth and seventh causes of action.) Plaintiff does not specify whether he seeks to assert his remaining two claims against Judge Campbell and Ms. Thompson in their official or individual capacities or both. However, insofar as plaintiff seeks to amend his complaint to sue Judge Campbell and/or Ms. Thompson in their individual capacities, the court finds that such amendments would be futile and denies plaintiff's motion to amend with respect to these specific claims. *See id.*

As set forth above, plaintiff's sixth cause of action seeks an order either eliminating the Parole Board's right to a secondary review of the ALJ's decision or providing parolees the "right to notice and an opportunity to be heard before any secondary decision is made" by the Parole Board. (Compl. ¶ 78). Plaintiff's seventh cause of action seeks prospective injunctive relief against the NYSDOP, for an order requiring the NYSDOP to provide plaintiff and "all other parolees" with decisions

resulting from parole revocation hearings in a timely manner. (*Id.* at ¶ 90). Neither Judge Campbell nor Ms. Thompson in their *individual capacities* has the power or the authority to effectuate an order from this court granting plaintiff the prospective declaratory or injunctive relief he seeks in his sixth and seventh causes of action. For this reason, in the vast majority of § 1983 actions, plaintiffs seek monetary damages against state officials in their individual capacities and declaratory or injunctive relief against state officials in their official capacity. *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 354 (S.D.N.Y. 2000) ("the fact that Romer seeks monetary damages rather than injunctive relief further implies that he intended to sue the defendants in their individual capacities."); see *Mtshali v. N.Y. City College of Tech.*, No. 05 Civ. 358 (PAC) (HBP), 2006 U.S. Dist. LEXIS 72706, at *7 (S.D.N.Y. Oct. 4, 2006); *Doe v. Goord*, 04 Civ. 0570 (GBD) (AJP), 2004 U.S. Dist. LEXIS 24808, at *37 n.22 (S.D.N.Y. Dec. 10, 2004); *Rosquist v. New York Univ. Med. Ctr.*, No. 97 Civ. 8566 (JGK), 1998 U.S. Dist. LEXIS 15808, at *43 (S.D.N.Y. Oct. 7, 1998) (state officials "are amenable to suit under § 1983 in their official capacities only for prospective declaratory and injunctive relief . . . [and] in their individual capacities for monetary damages.") Thus, plaintiff's motion to amend his

complaint to add Judge Campbell and Ms. Thompson in their individual capacities to his sixth and seventh causes of action is denied as futile.[4]  *Hassan*, 137 Fed. Appx. at 420.

Plaintiff's motion to amend must also be denied with respect to any claims it seeks to assert against Judge Campbell in her official capacity as ALJ.  "It is . . . well established that officials acting in a judicial capacity are entitled to *absolute immunity* against § 1983 actions."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (emphasis added) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).  This absolute immunity "extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is 'functionally comparable' to

---

[4] Moreover, Section 309(c) of the Federal Courts Improvement Act ("FCIA") of 1996 amended § 1983 to bar actions seeking injunctive relief "brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Accordingly, the express text of § 1983 serves as an additional ground on which to dismiss plaintiff's claims for prospective injunctive relief against Judge Campbell in her *individual capacity*.  *See Holbert v. Cohen-Gallet*, No. 05 Civ. 1281 (NGG), 2006 U.S. Dist. LEXIS 1869, at *20 (S.D.N.Y. Jan. 9, 2006) (applying Section 309(c) of the FCIA to bar claim for injunctive relief against a state family court referee); *Brooks v. N.Y. State Supreme Court*, No. 02 Civ. 4183 (RR), 2002 U.S. Dist. LEXIS 19914, at *7 (E.D.N.Y. Aug. 16, 2002) (dismissing plaintiff's claim for injunctive relief against the New York State Supreme Court as barred by Section 309(c) of the FCIA).

that of a judge.'" *Id.* (quoting *Butz v. Economou*, 438 U.S. 478, 513, (1978). "For immunity to attach, judicial officers must be acting in their judicial capacity and must be acting within their jurisdiction." *Sundwall v. Leuba*, 28 Fed. Appx. 11, 13 (2d Cir. 2002) (citing *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997)). In presiding over plaintiff's parole revocation hearing and issuing her decision, Judge Campbell was obviously acting within her judicial capacity, as well as within her jurisdiction. Accordingly, Judge Campbell is entitled to absolute immunity, and plaintiff's motion to amend is denied as futile insofar as it seeks to assert claims against Judge Campbell in her official capacity. *Hassan*, 137 Fed. Appx. at 420.

Plaintiff may, however, pursue a claim against Ms. Thompson, the Parole Commissioner, in her official capacity. Although a suit against a state official in her official capacity is generally considered "no different from a suit against the State itself," *Will*, 491 U.S. at 71, a state official sued in her official capacity for prospective injunctive relief is considered a "person under § 1983" because "'official-capacity actions for *prospective relief* are not treated as actions against the State.'" *Id.* at 71 n. 10 (emphasis added) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167

17

n.14 (1985)); *Miles v. Baruch College*, No. 07 Civ. 1214 (CPS) (RLM), 2008 U.S. Dist. LEXIS 5534, at *12-13 (E.D.N.Y. Jan. 25, 2008) ("An important exception to Eleventh Amendment immunity provides that suits challenging the constitutionality of a state official's action, in that actor's official capacity, which seek a prospective, injunctive remedy are not considered claims against the state.") *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 288 (1997) ("The . . . doctrine recognizes that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the officer in its sovereign immunity. ") (O'Connor, J., concurring). Accordingly, plaintiff is granted leave to amend his complaint to assert claims for prospective injunctive relief (under his sixth and seventh causes of action) against Ms. Thompson in her official capacity as Parole Commissioner.

## CONCLUSION

For the reasons set forth herein, the NYSDOP's motion to dismiss the two remaining causes actions asserted against it is granted and the NYSDOP shall be dismissed from the underlying action. Plaintiff shall have sixty days from today's date to file and serve an amended complaint that complies with this order. If plaintiff fails to comply within the time allowed or

18

show good cause why he cannot comply, judgment dismissing the complaint shall be entered.  The court certifies that pursuant to 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Defendant shall serve a copy of this order on plaintiff and file a certification of service no later than April 22, 2009.

**SO ORDERED.**

Dated: April 17, 2009
       Brooklyn, New York

                                            _____   /s/_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge
                                            Eastern District of New York