```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 TERENCE BODDIE,
                                           For Electronic
           Plaintiff,                      Publication Only

      - against -                          **MEMORANDUM & ORDER**

 NEW YORK STATE DIVISION OF PAROLE,        08-CV-911 (KAM)

           Defendant.
----------------------------------------X
```
MATSUMOTO, United States District Judge:

      Plaintiff Terence Boddie ("plaintiff" or "Boddie"), proceeding *pro se*, currently incarcerated at Mohawk Correctional Facility as a result of the parole revocation determination at issue in this suit, moves for reconsideration of this court's April 17, 2009 Memorandum and Order (the "April 2009 Order"), familiarity with which is presumed. (*See* Doc. No. 37, Plaintiff's Letter Motion for Reconsideration, dated April 28, 2009 ("4/28/09 Letter"); *see also* Doc. No. 33, Plaintiff's Letter dated April 16, 2009;[1] Plaintiff's Letter dated May 20, 2009 ("5/20/09 Letter").) The April 2009 Order, *inter alia*, dismissed plaintiff's two remaining causes of action against defendant New York State Division of Parole ("defendant" or "NYSDOP") and granted plaintiff 60 days to serve and file an amended complaint for "prospective injunctive and/or declaratory

---

[1] Plaintiff's April 16, 2009 letter (doc. no. 33) was filed on April 20, 2009 and received by the undersigned's chambers on April 24, 2009.

relief[,]" under plaintiff's sixth and seventh causes of action, against the Parole Board Chairperson. (Doc. No. 31, Apr. 17, 2009 Mem. & Order at 14, 17-18.)[2] As of the date of this Memorandum and Order, plaintiff has not filed an amended complaint, as permitted by the April 2009 Order. For the reasons set forth herein, plaintiff's motion for reconsideration is denied.

**BACKGROUND**

While plaintiff "[a]grees" that he should be permitted to amend his Complaint, plaintiff argues that the court should reconsider its April 2009 Order. (4/28/09 Letter at 2.) Plaintiff "believes that the Court Erred when it determined that . . . [plaintiff] cannot sue both . . . [Parole Commissioner Sally Thompson and Administrative Law Judge Noreen L. Campbell]

---

[2] As noted in the April 2009 Order, plaintiff's sixth cause of action alleges that plaintiff's due process rights were violated because he was never given "any notice or any opportunity to be heard with respect to the [Parole Board's] review of the [ALJ's] decision." (Doc. No. 1, Compl. at ¶¶ 77-78.) As limited by the court's June 18, 2008 Memorandum and Order (the "June 18, 2008 Order"), plaintiff's sixth cause of action seeks prospective injunctive and declaratory relief against the NYSDOP, for an order either eliminating the Parole Board's right to a secondary review of the ALJ's decision or providing parolees the "right to notice and an opportunity to be heard before any secondary decision is made" by the Parole Board. (*Id.* at ¶ 78.) Plaintiff's seventh cause of action, again within the parameters prescribed by the court's June 18, 2008 Order, seeks prospective injunctive relief against the NYSDOP, for an order requiring the NYSDOP to provide plaintiff and "all other parolees" with decisions resulting from parole revocation hearings in a timely manner. (*Id.* at ¶ 90.)

2

in their Official and Unofficial Capacities." (*Id.*)  Further, plaintiff "Does Not Agree with the Court's Determination that the Plaintiff may only amend his complaint to seek only Prospective, Injunctive and/or Declaratory Relief against . . . Campbell and . . . Thompson." (*Id.* at 3) (emphasis in original).  To this end, plaintiff contends that he "should not be bound and limited by the ourts [sic] Order dated June 18, 2008." (*Id.*)  Plaintiff also seeks to assert damages claims against Judge Campbell and Ms. Thompson in their individual, "unofficial" capacities. (*Id.* at 4.)  Further, plaintiff contends that this court erred in finding that Judge Campbell, in presiding over plaintiff's parole revocation hearing, is entitled to absolute immunity because the court did not conduct "any fact finding to determine if . . . Campbell [sic] Actions Fell within the Cloak Of Absolute Immunity." (*Id.*)

Defendant opposes plaintiff's motion for reconsideration. (*See* Doc. No. 38, Letter dated May 15, 2009 ("5/15/09 Letter"); *see also* Doc. No. 35, Letter dated April 29, 2009.)  Defendant argues that plaintiff has failed to establish that the court overlooked law or facts that would alter the April 2009 Order.  Specifically, defendant contends that there is no basis to overturn the court's determination that Judge Campbell is entitled to absolute immunity arising from her involvement in plaintiff's parole revocation hearing because

3

Judge Campbell's action related to "judicial functions." (5/15/09 Letter at 2.) Further, to the extent plaintiff's April 17, 2009 letter supplements plaintiff's opposition to defendant's underlying motion to dismiss, defendant contends that the additional cases cited by plaintiff are not "germane to the question of the [defendant's] Eleventh Amendment immunity, the dispositive issue on defendant's motion to dismiss." (*See* April 29, 2009 Letter.)

"[T]o avoid an additional round of litigation," defendant requests that the April 2009 Order be modified "to allow plaintiff to name the Interim Chairman of the Board of Parole, currently Henry Lemons, Jr., as the proper official capacity defendant in lieu of Ms. Thompson" because Mr. Lemons, not Ms. Thompson, is the chief executive of the NYSDOP. (5/15/09 Letter at 2) (citing N.Y. Exec. Law § 259(1)-(2)). Defendant points out that Ms. Thompson is "one of 16 members of the parole Board . . . the function of which is primarily judicial . . . ." (*Id.* at 2.) Plaintiff has agreed to name Mr. Lemons, but proposes that should defendant waive its Eleventh Amendment immunity from suit, plaintiff "Would Consider Dropping A.L.J. Campbell, Thompson and Lemons, Jr. And Proceed Against The Agency Itself." (5/20/09 Letter at 1-2.) Defendant has not responded to plaintiff's proposal.

4

In a letter dated June 15, 2009 (doc. no. 41), plaintiff notes that Andrea D. Evans has succeeded Mr. Lemons as the Chairperson of the Board of Parole. By letter dated June 24, 2009 (doc. no. 42) defendant asserts that the new Chairperson, Andrea W. Evans, is the proper party for plaintiff's claims and should be named instead of Mr. Lemons.

## **DISCUSSION**

Motions for reconsideration may be filed, *inter alia*, under Local Rule 6.3.[3] A motion for reconsideration must "be served within ten . . . days after the entry of the court's determination of the original motion . . . ." Local Rule 6.3. There is no dispute that plaintiff's motion for reconsideration is timely. The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. *See Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999); *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101, 2008 U.S. Dist. LEXIS 553, at *7 (E.D.N.Y. Jan. 25, 2008).

---

[3] Plaintiff seeks reconsideration of the April 2009 Order pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3. (*See* 5/28/09 Letter at 1.) Because Fed. R. Civ. P. 59(e) applies only to a final "judgment," and not the non-final order which is the subject of plaintiff's instant motion, the court will consider the *pro se* plaintiff's reconsideration motion under Local Civil Rule 6.3.

5

Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Undoubtedly, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

The court has examined whether plaintiff's motion for reconsideration identifies any matters or controlling decisions that the court overlooked in its April 2009 Order and finds that reconsideration is not warranted. Plaintiff has not advanced any argument that was not made or could not have been made in his submissions prior to the court's April 2009 or June 2008 Orders. Nor is reconsideration warranted "to correct a clear error or prevent a manifest injustice." *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation and internal quotation marks omitted).

Moreover, although plaintiff's April 16, 2009 letter cites two opinions, *Moore v. Birmingham*, No. 06-CV-12896, 2009

U.S. Dist. LEXIS 11487 (S.D.N.Y. Feb. 13, 2009)[4] and *People ex rel. Sumter v. O'Connell*, 10 A.D.3d 823, 825, 782 N.Y.S.2d 135 (3d Dep't 2004), neither of these cases provides a basis upon which to reconsider the April 2009 Order. In *Moore*, the court held that employees of the NYSDOP sued in their official capacities are immune from suit under the Eleventh Amendment. *See Moore*, 2009 U.S. Dist. LEXIS 11487, at *8-10. The *Moore* court also dismissed the plaintiff's lawsuit against NYSDOP employees sued in their individual capacities on the grounds of absolute judicial and prosecutorial immunity. *See id.*, at *10-15. Further, although *O'Connell* observes that the NYSDOP is statutorily mandated to provide notice of and reasoning for parole revocation decisions to the parolee, the decision in that case, remanding for development of the factual record, does not "alter the conclusion reached by the court." *See Shrader*, 70 F.3d at 257. Indeed, the April 2009 Order permitted plaintiff to amend his complaint "to seek only prospective injunctive and/or declaratory relief . . . for the two remaining causes of action (*i.e.* the sixth and seventh causes of action.)[.]" (April 2009 Order at 14; *see also* June 18, 2008 Order at 8.)

To the extent plaintiff contends that the court erred by not conducting "any fact finding" to determine whether Judge

---

[4] The parties indicate that the *Moore* opinion is dated February 11, 2009, however, the decision was filed on February 13, 2009.

Campbell is entitled to absolute immunity, plaintiff is mistaken. (*See* 4/28/09 Letter at 4.) Courts have routinely dismissed claims against officials in the context of parole revocation proceedings, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis of absolute immunity. *See Moore*, 2009 U.S. Dist. LEXIS 11487, at *11-13; *Davis v. New York State Div. of Parole*, No. 07-CV-5544, 2008 U.S. Dist. LEXIS 64185, at *37-39 (S.D.N.Y. Aug. 20, 2008); *see also Scotto v. Almenas*, 143 F.3d 105, 112 (2d Cir. 1998) (Parole officers also receive absolute immunity for "presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature."). Indeed, because absolute immunity is an immunity from suit, "it is especially appropriate" to evaluate entitlement to absolute immunity as early in the litigation as possible. *See Escobar v. City of New York*, No. 05-CV-3030, 2008 U.S. Dist. LEXIS 99027, at *7-8 n.2 (E.D.N.Y. Dec. 8, 2008) (where defendant claimed prosecutorial immunity, the court found that it was "appropriate" to adjudicate the defendant's entitlement to absolute immunity based on the facts asserted in the plaintiff's complaint).

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration is denied. Because the parties agree that Andrea D. Evans, not Ms. Thompson or Mr. Lemons, is the present

8

Board Chairman of the NYSDOP, the court modifies the April 2009 Order to permit plaintiff to assert claims for prospective injunctive and/or declaratory relief, under plaintiff's sixth and seventh causes of action, against Ms. Evans in her official capacity.  Plaintiff shall have sixty days from today's date to serve and file an amended complaint that complies with the April 2009 Order and this Order.  If plaintiff fails to comply within the time allowed or show good cause why he cannot comply, judgment dismissing the complaint shall be entered.

The court certifies that pursuant to 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Defendant shall serve a copy of this order on plaintiff and file a certification of service by July 10, 2009.

SO ORDERED.

Dated:   Brooklyn, New York
         July 7, 2009

                                                    _____/s/_____
                                                    KIYO A. MATSUMOTO
                                                    United States District Judge
                                                    Eastern District of New York