UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERENCE BODDIE,

                *Plaintiff*,

  -against-

ANDREA D. EVANS,

                *Defendant*.

----------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

08-CV-911(KAM)(LB)

**KIYO A. MATSUMOTO, United States District Judge**:

        Defendant Andrea Evans, Chairperson of the New York State Board of Parole ("defendant"), moves pursuant to Federal Rule of Civil Procedure 25(a)(1) to dismiss plaintiff Terence Boddie's ("plaintiff") claims for prospective declaratory and injunctive relief. (*See* ECF No. 72, Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem.").) For the reasons set forth below, defendant's motion is granted and the claims against defendant Evans are dismissed with prejudice.

## BACKGROUND

        Plaintiff, proceeding *pro se*, filed a complaint on February 27, 2008, alleging constitutional violations in the revocation of his parole. (*See generally* ECF No. 1, Compl.) By Memorandum and Order dated April 7, 2008, the court dismissed plaintiff's complaint for failure to state a claim. (*See* ECF No. 6, Mem. & Order dated 4/7/2008.) By motion dated April 14, 2008, plaintiff requested reconsideration of the

court's order dismissing the complaint. (*See* ECF No. 8, Mot. for Reconsideration dated 4/14/2008.) By Memorandum and Order dated June 18, 2008, the court granted in part and denied in part plaintiff's motion for reconsideration, permitting plaintiff to pursue claims for prospective declaratory and injunctive relief against the New York State Division of Parole ("NYSDOP") only. (*See* ECF No. 10, Mem. & Order dated 06/18/2008.) The surviving claims alleged that: (1) plaintiff was not in timely receipt of the administrative law judge's written decision recommending revocation of parole and of the Board of Parole's decision adopting it; and (2) that the Division of Parole did not provide him with an opportunity to present arguments that the Board of Parole should not adopt the administrative law judge's recommendation. (*See* Compl.; Def. Mem. at 2.)

On October 6, 2008, the NYSDOP moved to dismiss the complaint. (*See* ECF No. 22, Mot. to Dismiss.) By Memorandum and Order dated April 17, 2009, the court granted NYSDOP's motion to dismiss, and allowed plaintiff to file and serve an amended complaint. (*See* ECF No. 31, Mem. & Order dated 4/17/2009.) Plaintiff filed a motion dated April 27, 2009, asking for reconsideration of the court's order granting NYSDOP's motion to dismiss. (*See* ECF No. 37, Mot. for Reconsideration dated 4/27/2009.) The court denied plaintiff's

motion for reconsideration by Memorandum and Order dated July 7, 2009. (*See* ECF No. 44, Mem. & Order dated 7/7/2009.) Further, because the parties agreed that defendant Evans was the present Board Chairman of the NYSDOP, the court modified the April 17, 2009 order to permit plaintiff to assert claims for injunctive and declaratory relief against Evans in her official capacity. (*Id.*) Plaintiff filed an amended complaint on July 27, 2009 against defendant Evans and Sally A. Thompson. (*See* ECF No. 47, Am. Compl.) The NYSDOP moved to strike Sally A. Thompson as a defendant from the amended complaint, which the court granted on November 16, 2009. (*See* ECF No. 50, Mot. to Strike; ECF No. 57, Order granting Mot. to Strike dated 11/16/2009.)

On December 29, 2009, defendant Evans moved to stay the proceedings upon receiving a report on December 16, 2009 that plaintiff had died. (*See* ECF No. 64, Mot. to Stay.) The court denied the motion to stay the answer, but granted an extension for defendant to file and serve an answer or motion against the pleadings. (*See* ECF Order dated 12/30/2009.) Additionally, the court ordered defendant to serve a copy of the December 30, 2009 order on plaintiff's relative with whom he last resided and/or the administrator of his estate. (*Id.*; ECF Scheduling Order dated 1/5/2009.)

On January 8, 2010, defendant filed a Suggestion of Death Upon the Record as to Plaintiff Terence Boddie, attaching a death certificate reporting that plaintiff had died on December 16, 2009. (*See* ECF No. 67, Suggestion of Death.) The Suggestion of Death was served on plaintiff's brother, Kevin Boddie, "As brother of Terence Boddie," on that same day. (*See* ECF No. 67-1, Cert. of Service dated 1/8/2010.) Defendant Evans also served on plaintiff's brother the cover letter to the January 8, 2010 filing, which stated that "Rule 25(a)(1) pertinently provides that a deceased plaintiff's representative or successor in interest must move to be substituted for plaintiff as a party to an action within 90 days of service of a Suggestion of Death, the date of service being the day the Suggestion of Death was mailed." (*See* ECF No. 68, Ltr. dated 1/8/2010 "1/8/2010 Ltr.").)

By motion dated April 13, 2010, defendant Evans moved to dismiss the claims and actions against her pursuant to Federal Rule of Civil Procedure 25(a)(1). (*See* ECF No. 70, Mot. to Dismiss Fed. R. Civ. P. 25(a)(1).) On that same day, defendant served, via first class mail, plaintiff's brother, Kevin Boddie, "As brother of Terence Boddie," with the following papers: (1) Defendant's Notice of Motion to Dismiss;

4

(2) Local Rule 12.1 Notice;[1] and (3) Defendant's Memorandum of Law in Support of Motion to Dismiss. (*See* ECF No. 73, Cert. of Service dated 4/13/2010.)

Defendant asserts that the address for mailing the Suggestion of Death and other documents was confirmed by Kevin Boddie during a telephone conversation with counsel. (*See* 1/8/2010 Ltr.) The address allegedly provided by Kevin Boddie matched the address previously provided by plaintiff, and the mailing address listed on plaintiff's death certificate. (*See id.;* Suggestion of Death.) To date, the court has received no motion to substitute a party or to enlarge the period in which such a motion may be filed or any opposition to the motion to dismiss. (*See* ECF Docket.)

## **DISCUSSION**

Federal Rule of Civil Procedure 25(a)(1) provides that,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] Rule 12.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides:

> A represented party moving to dismiss . . . against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b) or 12(c), shall serve and file [the notice provided in the Rule] at the time the motion is served. . . . .

Fed. R. Civ. P. 25(a)(1). Here, the plaintiff's claims for injunctive and declaratory relief were extinguished after his death. In his amended complaint, plaintiff complained about the procedures employed by the Board of Parole during his parole revocation hearing. (*See* Am. Compl.) When "the plaintiff dies or ceases to be subject to the condition that caused his deprivation before his request for prospective injunctive relief is resolved, his claims may in some circumstances become moot." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007). The Supreme Court, for example, found that the claims brought by two prisoners seeking modification of prison policies on magazine subscriptions became moot when one plaintiff died and the other plaintiff was released. *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). The Court reasoned that any modification in the magazine subscription policy "could not in any way have benefited either plaintiff." *Id.* Further, the Second Circuit found that a habeas petitioner's "motion for a certificate of appealability [was] moot because, regardless of the § 2255 petition's merit, it [was] no longer feasible to release petitioner from prison or to order a new trial" because the petitioner had died while his motion was pending. *Krantz v. United States*, 224 F.3d 125, 127 (2d Cir. 2000).

Similarly, in the instant case, any determination regarding the individualized claims by plaintiff for prospective declaratory and injunctive relief regarding the lack of timely notice of the administrative law judge's revocation decision and his Board of Parole proceeding would not benefit plaintiff in any way. After plaintiff's death, it is no longer feasible to order a new hearing or to order his release. Consequently, the court dismisses the claims asserted by plaintiff as moot because they did not survive his death.

Moreover, even if the claims did survive plaintiff's death, they would still be dismissed pursuant to Rule 25(a)(1) because nobody has moved to substitute plaintiff as a party in this action. Under Rule 25(a)(1), a deceased plaintiff's representative or successor must move for a substitution of parties for a deceased plaintiff's surviving action, or otherwise the action may be dismissed. Fed. R. Civ. P. 25(a)(1); *see also Chobot v. Powers*, 169 F.R.D. 263, 266 (W.D.N.Y. 1996). Additionally, the Second Circuit has held that Rule 25(a)(1) "does not require that the statement [of death] identify the successor or legal representative [of the deceased party]; it merely requires that the statement of death be served on involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *see also Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 239 (E.D.N.Y.

7

2001) ("A suggestion of death must be served upon all involved parties, but does not need to identify the representative of the estate or the successor of the decedent.").

Here, defendant served the Suggestion of Death, Defendant's Notice of Motion to Dismiss, the Local Rule 12.1 Notice, and the Memorandum of Law by first class mail on plaintiff's brother at the last known address for plaintiff, which was also the address listed on plaintiff's death certificate and purportedly confirmed by plaintiff's brother on a conversation with defendant's counsel. (*See* Cert. of Service dated 1/8/2010; Cert. of Service dated 4/13/2010.)

Service of a suggestion of death by mail satisfies the requirements of Rule 25(a)(1). *See Turyan v. Liebman*, No. 06-4867, 2007 WL 4591787, at *1 (E.D.N.Y. Dec. 28, 2007) (dismissing plaintiff's action pursuant to Rule 25(a)(1) when deceased plaintiff's daughter was served suggestion of death by mail and no motion for substitution was made). Because plaintiff's brother was served with the suggestion of death by mail, under Federal Rule of Civil Procedure 6(d), he had an additional three days to respond, and therefore plaintiff's brother had a total of ninety-three days within which to make a motion for substitution. Fed. R. Civ. P. 6(d); *see also Turyan*, 2007 WL 4591787, at *1. More than a year has now passed, and no motion for substitution has been made. (*See* ECF

Docket.)  Accordingly, the court dismisses plaintiff's action pursuant to Rule 25 (a)(1).  *See Turyan*, 2007 WL 4591787, at *1; *see also Morales v. Mackalm*, No. 98-5013, 2007 WL 465213, at *2 (S.D.N.Y. Feb. 13, 2007) (dismissing plaintiff's action pursuant to Rule 25 when plaintiff's sister made no motion for substitution and more than ninety days had passed since plaintiff's sister was served with a suggestion of death).

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss with prejudice.  Defendant shall serve a copy of this Memorandum and Order on plaintiff's brother at his last known address and file a Certificate of Service on the Electronic Case Filing System by no later than March 22, 2011.  The Clerk of the Court is respectfully directed to enter judgment dismissing the complaint, and to close this case.

**SO ORDERED.**

Dated:    March 21, 2011
          Brooklyn, New York

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York
